IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO. 09-CV-05808

ELENA CELIA FORTANER, as Personal
Representative of the Estate of MARÍA DEL
CARMEN FORTANER NOU, Deceased;

ALASAN PUYE, as Personal Representative
of the Estate of MUSTAPHA PAGANNA
PUYE CEESAY, Deceased;

ALASAN PUYE, as Personal Representative
of the Estate of SIRA PUYE FORTANER,
Deceased;

ENRIQUE CELIS BAUTISTA, on behalf
of the Estate of RONALDO GOMEZ
SILVA, Deceased;

ENRIQUE CELIS BAUTISTA, as Personal
Representative of the Estate of YANINA
NAYADE CELIS DIBOWSKY, Deceased;

MARCOS ALEJANDRO CABALLERO
TACORONTE, as Personal Representative of
the Estate of DAVID CABALLERO
TACORONTE, Deceased;

LUIS VALLEJO JUNCO, as on behalf
of the Estate of MARÍA
DEL CARMEN VALLEJO JUNCO,
Deceased;

CANDELARIA GIL PÉREZ, as
Personal Representative of the Estate of MARCOS
J. HERNÁNDEZ GIL, Deceased;

MARÍA DEL CARMEN OJEDA PÉREZ,
on behalf of the Estate of
CLAUDIO MANUEL OJEDA PÉREZ,
Deceased;

VICTOR RIVERO PÉREZ, as Personal
Representative of the Estate of RAYCO
ALBERTO RIVERO SUAREZ, Deceased;

AQUILINA VEGA MARTEL, as Personal
Representative of the Estate of YAIZA
MEDINA VEGA, Deceased;

JOSE DOMÍNGUEZ PERDOMO, as Personal
Representative of the Estate of ISABEL
MINERVA DOMÍNGUEZ PÉREZ, Deceased;

JOSÉ DOMÍNGUEZ PERDOMO, as Personal
Representative of the Estate of CRISTIAN
MARTIN DOMÍNGUEZ, Deceased;

JORGE FERNÁNDEZ ROCAFULL, as
Personal Representative of the Estate of
JOSÉ FERNÁNDEZ VÁZQUEZ, Deceased;

                                        Plaintiffs,

vs-

THE BOEING CO.,
MCDONNELL DOUGLAS CO.,
LEACH INT´L CORP.,
ESTERLINE TECHNOLOGIES  CORP.
EATON CORP.,
HONEYWELL INT'L INC.,
and AMETEK INC.,

                                        Defendants.
_____ /

## **COMPLAINT FOR WRONGFUL DEATH**

Plaintiffs bring this action against the Defendants and allege as follows:

1.      This is an action for damages arising from the crash of a McDonnell
Douglas DC-9-82 ("MD 82") aircraft (Registration Number EC-HFP) on August 20,
2008 at Madrid-Barajas Airport, Spain.  The aircraft was being operated by Spanair S.A.
as flight JK 5022.  Spanair flight JK 5022 was also operating as a Star Alliance code-

share flight with Lufthansa as flight LH 2554.  Passengers could have Spanair tickets or Lufthansa tickets.  The flight took off from Madrid-Barajas Airport in Madrid, Spain with 164 passengers and six crew members on board.  Its destination was Las Palmas de Gran Canaria, Canary Islands, Spain, but the aircraft crashed immediately after takeoff and, as a result of the impact on the ground and subsequent fire, 154 individuals were killed and the 18 individuals who survived were seriously injured.

2.     Plaintiffs are the surviving family members and or have received a power of attorney from the surviving family members and heirs of the passengers who perished in the crash.  Plaintiffs are or will be appointed Personal Representatives of their respective decedents' estates and or have received a power of attorney from them. Plaintiffs seek to hold Defendants liable for their negligent design, manufacture, operation and/or maintenance of the subject aircraft and its components.  Among other defects and unreasonably dangerous conditions, the aircraft took off without having its flaps and slats extended.  Flaps and slats are critical devices that add lift to the wings and must be used at takeoff.   During the entire takeoff run and until the aircraft was destroyed, the warning horn designed to prevent such accidents did not sound to alert the pilots that the aircraft had an inadequate takeoff configuration because the flaps and slats were not extended and the aircraft plummeted to the ground.   The failure to extend the flaps and slats has caused a string of fatal crashes, including two in the U.S.A. in the late 1980's and such incidents continue, despite the knowledge of Defendants that the alarm system designed to alert the pilots of an inadequate takeoff configuration fails to function in certain circumstances.

## PARTIES

### Plaintiffs

3.      Plaintiff ELENA CELIA FORTANER, who was born on August 18, 1980, is a resident of and citizen of Spain, and was or will be appointed the personal representative the estate of her mother MARÍA DEL CARMEN FORTANER NOU. María del Carmen Fortaner Nou was born on January 7, 1956 and died in the crash of JK 5022.  She was a resident and citizen of Spain at the time of her death.  Decedent was traveling with her husband Mustapha Paganna Puye Ceesay and their daughter Sira Puye Fortaner.  All three died in the crash.  Plaintiff Elena Celia Fortaner brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of María del Carmen Fortaner Nou, (b) herself, as daughter of the decedent, (c) Alasan Puye, stepson of the decedent, (d) Mariama Puye, step-daughter of the decedent who is a Swedish citizen, and (e) any other individual entitled to recover under applicable law.

4.      Plaintiff ALASAN PUYE, who was born on January 28, 1981, is a resident of Sweden and citizen of Gambia, and was or will be appointed the personal representative of the estate of his father MUSTAPHA PAGANNA PUYE CEESAY. Mustapha Paganna Puye Ceesay was born on January 7, 1956 and died in the crash of JK 5022.  He was a citizen of Gambia and a resident of Spain at the time of his death. Decedent was married.  He was traveling with his wife María del Carmen Fortaner Nou and their daughter Sira Puye Fortaner.  All three died in the crash Plaintiff Alsan Puye brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of

Mustapha Paganna Puye Ceesay, (b) himself, as son of the decedent, (c) Mariama Puye, daughter of the decedent who is a Swedish citizen, (d) Elena Celia Fortaner, step-daughter of the decedent and (e) any other individual entitled to recover under applicable law.

5.     Plaintiff ALASAN PUYE, who was born on January 28, 1981, is a resident of Sweden and citizen of Gambia, and was or will be appointed the personal representative of the estate of his half-sister SIRA PUYE FORTANER. Sira Puye Fortaner was born on August 7, 1999 to María del Carmen Fortaner Nou and Mustapha Paganna Puye Ceesay and all three died in the crash of JK 5022.  She was single and a resident and citizen of Spain at the time of her death.  Plaintiff Alsan Puye brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Sira Puye Fortaner, (b) himself, as half-brother of the decedent, (c) Mariama Puye, half-sister of the decedent who is a Swedish citizen, (d) Elena Celia Fortaner, half-sister of the decedent and (e) any other individual entitled to recover under applicable law.

6.     Plaintiff ENRIQUE CELIS BAUTISTA was born on May 9, 1950 and is a resident and citizen of Spain.  He was given a power of attorney by Julião Alves da Silva and Francisca Francimar Gomes da Silva, born on July 17, 1939 and December 21, 1946, respectively, residents and citizens of Brazil, whose son RONALDO GOMES SILVA died in the crash of JK 5022. Julião Alves da Silva and Francisca Francimar Gomes da Silva were or will be appointed personal representatives of the estate of Ronaldo Gomes Silva, who was born on January 30, 1981.  Ronaldo Gomes Silva was a citizen of Brazil and a resident of London, U.K. at the time of his death. Decedent was married to Yanina

Nayade Celis Dibowsky who also died in the crash.  Plaintiff Enrique Celis Bautista brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Ronaldo Gomes Silva, (b)  Julião Alves da Silva father of the decedent, (c) Francisca Francimar Gomes da Silva, mother of the decedent, (d) Rogerio Alves da Silva, brother of the decedent, (e) Rondinaldo Alves da Silva, brother of the decedent, (f) Rosãngela Alves da Silva, sister of the decedent,  (g) Rosana Gomes Silva, sister of the decedent and (h) any other individual entitled to recover under applicable law.

7.     Plaintiff ENRIQUE CELIS BAUTISTA who was born on May 9, 1950, is a resident and citizen of Spain, and was or will be appointed personal representative of the estate of his daughter YANINA NAYADE CELIS DIBOWSKY. Yanina Naayade Celis Dibowsky was born on December 4, 1986 and died in the crash of JK 5022.  She was a resident of London, U.K. and citizen of Spain at the time of her death.  She was married and traveling with her husband Ronaldo Gomes Silva.  They both died in the crash. Plaintiff Enrique Celis Bautista brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Yanina Naayade Celis Dibowsky, (b) himself as father of the decedent, (c) Ulrike Dibowsky, mother of the decedent, (d) Julião Alves da Silva father-in-law of the decedent, (e) Francisca Francimar Gomes da Silva, mother-in-law of the decedent and (f) any other individual entitled to recover under applicable law.

8.     Plaintiff MARCOS ALEJANDRO CABALLERO TACORONTE who was born on July 31, 1973, is a resident and citizen of Spain, and was or will be appointed personal representative of the estate of his brother DAVID CABALLERO

6

TACORONTE. David Caballero Tacoronte was born on February 6, 1981 and died in the crash of JK 5022.  He was a resident and citizen of Spain at the time of his death. Decedent was single. Plaintiff Marcos Alejandro Caballero Tacoronte brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of David Caballero Tacoronte, (b) himself as brother of the decedent, (c) Jose Manuel Caballero Deniz, father of the decedent, (d) Francisca del Coromoto Tacoronte Hernandez, mother of the decedent (e) Leila Caballero Tacoronte, sister of the decedent and (f) any other individual entitled to recover under applicable law.

9.     Plaintiff LUIS VALLEJO JUNCO, who was born on March 16, 1952, is a resident and citizen of Spain, and was or will be given a power of attorney by the heirs of his sister MARIA DEL CARMEN VALLEJO JUNCO. Maria del Carmen Vallejo Junco was born on April 22, 1961 and died in the crash of JK 5022.  She was a resident and citizen of Spain at the time of her death.  Decedent was married to Luis Quintana Zapatero. Plaintiff Luis Vallejo Junco brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Maria del Carmen Vallejo Junco, (b) himself, as brother of the decedent, (c) Rosario Junco Lojendio, mother of the decedent, (d) María Cristina Vallejo Junco, sister of the decedent, (e) María de la Cruz Vallejo Junco, sister of the decedent, (f) Rosario Vallejo Junco, sister of the decedent, (g) María del Pino Vallejo Junco, sister of the decedent, (h) the heirs named in the testament of decedent Maria del Carmen Vallejo Junco,  and (i) any other individual entitled to recover under applicable law.

10.     Plaintiff CANDELARIA GIL PÉREZ, who was born on April 16, 1955, is a resident and citizen of Spain, and was or will be appointed personal representative of the estate of her son MARCOS J. HERNÁNDEZ GIL.  Marcos J. Hernández Gil was born on August 21, 1985 and died in the crash of JK 5022.  He was a resident and citizen of Spain at the time of his death.  Decedent was single.  Plaintiff Candelaria Gil Pérez brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Marcos J. Hernández Gil, (b) herself, as mother of the decedent, (c) Juan José Hernández Sánchez, father of the decedent, (d) Francisco Javier Hernández Gil, brother of the decedent, (e) Fátima Hernández Gil, sister of the decedent and (f) any other individual entitled to recover under applicable law.

11.     Plaintiff MARIA DEL CARMEN OJEDA PÉREZ, who was born on August 26, 1952, is a resident and citizen of Spain, and was or will be given a power of attorney by the heirs of her brother CLAUDIO MANUEL OJEDA PÉREZ. Claudio Manuel Ojeda Pérez was born on August 26, 1952 and died in the crash of JK 5022.  Decedent was single.  He was a resident and citizen of Spain at the time of his death.  Plaintiff Maria del Carmen Ojeda Pérez brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Claudio Manuel Ojeda Pérez, (b) herself, as sister of the decedent, (c) Fermín Ojeda Sánchez, father of the decedent, (d) Soledad Pérez Castillo, mother of the decedent, (e) Soledad Ojeda Pérez, sister of the decedent, (f) Rosa Leyda Ojeda Pérez , sister of the decedent, (g) Carlos Miguel Ojeda Pérez, brother of the decedent, (h) Francisco José Ojeda Pérez, brother of the decedent, (i) Rosario

Besta Ojeda Pérez, sister of the decedent, (j) Elsa María Ojeda Pérez, sister of the decedent (k) Inmaculada Ojeda Pérez, sister of the decedent and (f) any other individual entitled to recover under applicable law.

12.     Plaintiff VICTOR RIVERO PÉREZ who was born on May 9, 1950, is a resident and citizen of Spain, and was or will be appointed personal representative of the estate of his son RAYCO ALBERTO RIVERO SUAREZ.  Rayco Alberto Rivero Suarez was born on April 8, 1983 and died in the crash of JK 5022.  He was a resident and citizen of Spain at the time of his death.  Decedent was single. Plaintiff Victor Rivero Pérez brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Rayco Alberto Rivero Suarez, (b) himself as father of the decedent, (c) Maria del Pino Suarez Medina, mother of the decedent, (d) Idaira Rivero Suarez, sister of the decedent and (e) any other individual entitled to recover under applicable law.

13.     Plaintiff AQUILINA VEGA MARTEL who was born on October 4, 1947, is a resident and citizen of Spain, and was or will be appointed personal representative of the estate of her daughter YAIZA MEDINA VEGA.  Yaiza Medina Vega was born on February 22, 1981 and died in the crash of JK 5022.  She was a resident and citizen of Spain at the time of her death.  Decedent was single. Plaintiff Aquilina Vega Martel brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Yaiza Medina Vega, (b) herself as mother of the decedent, (c) Juan Medina Martel, father of the decedent, (d) Jorge Medina Vega, brother of the decedent and (e) any other individual entitled to recover under applicable law.

14.     Plaintiff JOSÉ DOMÍNGUEZ PERDOMO, who was born on September 28, 1946, is a resident and citizen of Spain, and was or will be appointed personal representative of the estate of his daughter ISABEL MINERVA DOMÍNGUEZ PÉREZ. Isabel Minerva Domínguez Pérez was born on February 7, 1976 and died in the crash of JK 5022.  She was a resident and citizen of Spain at the time of her death.  Decedent was travelling with her husband Manuel Mateo Martín Pérez and her son Cristian Martin Domínguez who also died in the crash of JK 5022. Plaintiff José Domínguez Perdomo brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Isabel Minerva Domínguez Pérez, (b) himself, as father of the decedent, (c) Isabel Pérez Viesa, mother of the decedent, (d) María Domínguez Pérez, sister of the decedent, (d) José Domínguez Pérez, brother of the decedent, (e) Guayarmina Domínguez Pérez, daughter of the decedent, (f) Jonathan Domínguez Pérez, brother of the decedent and (g) any other individual entitled to recover under applicable law.

15.     Plaintiff JOSÉ DOMÍNGUEZ PERDOMO, who was born on September 28, 1946, is a resident and citizen of Spain, and was or will be appointed personal representative of the estate of his grandson CRISTIAN MARTIN DOMÍNGUEZ. Cristian Martin Domínguez was born on January 8, 1996 to Isabel Minerva Domínguez Pérez and Manuel Mateo Martín Pérez and died in the crash of JK 5022.  He was a resident and citizen of Spain at the time of his death.  Decedent was single and was traveling with his mother Isabel Minerva Domínguez Pérez and his father Manuel Mateo Martín Pérez.  All three of them died in the crash.  Plaintiff José Domínguez Perdomo brings this action for the decedent's wrongful death in a representative capacity on behalf

1

of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Cristian Martin Domínguez, (b) himself, as grandfather of the decedent, (c) Isabel Pérez Viesa, grandmother of the decedent, (d) María Domínguez Pérez, aunt of the decedent, (d) José Domínguez Pérez, uncle of the decedent, (e) Guayarmina Domínguez Pérez, aunt of the decedent, (f) Jonathan Domínguez Pérez, uncle of the decedent and (g) any other individual entitled to recover under applicable law.

16.    Plaintiff JORGE FERNÁNDEZ ROCAFULL, who was born on July 4, 1976, is a resident of Spain and citizen of Spain, and was or will be appointed personal representative of the estate of his father JOSÉ FERNÁNDEZ VÁZQUEZ. José Fernández Vázquez was born on September 1, 1951 and died in the crash of JK 5022. He was a citizen of Spain and a resident of Spain at the time of his death. Decedent was married. Plaintiff Jorge Fernández Rocafull brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of José Fernández Vázquez, (b) himself, as son of the decedent, (c) Soledad Rocafull, spouse of the decedent, (d) Estela Fernández Rocafull, daughter of the decedent and (e) any other individual entitled to recover under applicable law.

<u>Defendants</u>

17.    Defendant THE BOEING CO. ("Boeing") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Illinois. At all relevant times, Boeing was doing substantial business in this State and in this County.

18.     Defendant MCDONNELL DOUGLAS COMPANY ("McDonnell Douglas") is a corporation organized and existing under the laws of the State of Maryland with its corporate headquarters in Chicago, Illinois.  At all relevant times, McDonnell Douglas was doing substantial business in this State and in this County. McDonnell Douglas received FAA type certificate No. A6WE on July 29, 1981 for the subject aircraft and transferred its ownership rights to Boeing on January 30, 1998.  McDonnell Douglas designed and manufactured the subject aircraft and its components, including but not limited to, the flaps and flap control system on the subject aircraft.

19.     Defendant LEACH INTERNATIONAL CORPORATION ("Leach") is a corporation organized and existing under the laws of Delaware with its principal place of business in Buena Park, Orange County, California.  Defendant LEACH manufactured an electronic component module known as a R2.5 relay that was part of the takeoff warning system ("TOWS").  At all relevant times, Leach was doing sufficient business in this State to submit it to jurisdiction.

20.     Defendant ESTERLINE TECHNOLOGIES CORPORATION ("Esterline") is a corporation organized and existing under the laws of Delaware with its principal place of business in Bellevue, Washington.  In or around 2004, Defendant Esterline acquired the assets of Defendant LEACH, and at such time assumed certain liabilities of Defendant Leach, including the liability for any personal injury and wrongful death claims arising out of the design and manufacture of certain Defendant LEACH products, including the R2.5 relay that was part of the takeoff warning system ("TOWS").  At all relevant times, Esterline was doing sufficient business in this State to submit it to jurisdiction.

1

21.     EATON CORPORATION ("Eaton") is a corporation organized and existing under the laws of Ohio with its principal place of business in Cleveland, Ohio. Defendant Eaton designed and manufactured parts that were components and/or parts of the TOWS. At all relevant times, Defendant Eaton was doing sufficient business in this State to submit it to jurisdiction.

22.     HONEYWELL INTERNATIONAL INC. ("Honeywell") is a corporation organized and existing under the laws of Delaware with its principal place of business in Morriston, New Jersey. Defendant Honeywell designed and manufactured parts that were components and/or parts of the TOWS. At all relevant times, Defendant Honeywell was doing sufficient business in this State to submit it to jurisdiction.

23.     AMETEK, INC. ("Ametek") is a corporation organized and existing under the laws of Delaware, with its principal place of business in Paoli, Pennsylvania. Defendant Ametek designed and manufactured parts that were components and/or parts of the TOWS.  At all relevant times, Defendant Leach was doing sufficient business in this State to submit it to jurisdiction.

## <u>JURISDICTION AND VENUE</u>

24.     This court has jurisdiction where the action was removed from state court by Defendants Boeing and McDonnell Douglas who reside in this state, more than 75 people died in the crash and there is diversity between the parties.

25.     Venue is proper in that each Defendant is either found in this district or subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

26.     Defendant McDonnell Douglas designed and manufactured the subject a MD 82 aircraft (Registration Number EC-HFP).  The subject aircraft was a dangerous and deadly instrumentality that possessed the ability to inflict significant harm to persons and property.  In or around November 1997, Defendant Boeing acquired the assets of Defendant McDonnell Douglas, and at such time assumed certain liabilities of Defendant McDonnell Douglas, including the liability for any personal injury and wrongful death claims arising out of the design and manufacture of certain Defendant McDonnell Douglas' products, including DC-9-82 (MD-82) model aircraft.

27.     Among numerous parts and systems, on its wings, the MD-82 aircraft was designed with three flaps and six slats.  Flaps are hinged surfaces on the back, or trailing, end of the aircraft's wing.  Slats are hinged surfaces on the front, or leading, edge of the aircraft's wing.  Flaps and slats expand the size of the wing, giving the aircraft more lift.

28.     In 1987 and 1988, two U.S. crashes that were caused by pilot failures to set the flaps and slats claimed 170 lives.[1]  Since then, routine checks were implemented to ensure pilots do not forget the task, but occasionally, distractions foil these protections and only the sound of the no-configuration warning horn during the takeoff sequence alerts the pilots that they must abort the takeoff and so avert a catastrophe.  The MD-82 features a Central Aural Warning System ("CAWS") which provides various audible warnings to the crew when certain potentially unsafe conditions, including an inadequate takeoff configuration occurs.  The takeoff warning system ("TOWS") is part of CAWS.  The TOWS activates a horn and a synthetic voice that identify the devices that are

---

[1]     Northeast Airlines Flight 255 crashed in Detroit in 1987 and Delta Flight 1141 crashed in Dallas/Fort Worth in 1988.

improperly configured for takeoff.  It is programmed so that if the throttles are advanced on takeoff, the pilots are alerted if the flaps, slats or other critical components, have been improperly positioned.  Should one of these components be configured incorrectly, a synthetic voice will automatically announce them after the horn is sounded.

29.     According to the Interim Report of CIAIAC (Ministerio de Fomento Comisión de Investigación de Accidentes e Incidentes de Aviación Civil) the agency investigating the crash, during the entire takeoff run until the end of the Cockpit Voice Recorder ("CVR") recording of the subject crash, no noises were recorded involving the takeoff warning system ("TOWS") advising of an inadequate takeoff configuration. Neither the horn nor the synthetic voice alerted the pilots of an inadequate takeoff configuration that would cause the subject aircraft to stall.

30.     During the entire period from engine start-up while parked to the end of the Digital Flight Data Recorder ("DFDR") recording of the subject crash, the values of the two flap position sensors situated on the wings was at zero degrees.  The stall warning stick shaker was activated less than a minute after the crew released the brakes for takeoff and impact on the ground was recorded nine second later.

31.     At the time the aircraft left the custody and control of Defendant McDonnell Douglas and or Defendant Boeing, it was defective and unreasonably dangerous in one ore more respects in that the aircraft could take off with an improper configuration without an audible alert from the TOWS system and without warning that the TOWS system was malfunctioning proximately causing the subject aircraft to stall and crash into the terrain, killing or injuring everyone on board.

1

32.     From the time the subject aircraft was originally sold or delivered through the date of the crash, Defendant McDonnell Douglas and/or Defendant Boeing, provided customer support for said aircraft, including alert service bulletins, service bulletins, technical advisories, aircraft parts, engineering and training personnel and other like customer support services.   At no time did Defendant McDonnell Douglas and/or Defendant Boeing give any warning of the defective and unreasonable condition of the subject aircraft.

33.     Defendants LEACH, ESTERLINE, EATON, HONEYWELL and AMETEK manufactured parts and or component systems incorporated into the subject aircraft and provided support for said aircraft and alert service bulletins, service bulletins, technical advisories, aircraft parts, engineering and training personnel and other like customer support services.

### CAUSES OF ACTION

### Count I
**Product Liability – Wrongful Death
(against Defendants McDonnell Douglas, Boeing,
Leach, Esterline, Eaton, Honeywell and Ametek)**

34.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 33 as though fully set forth in this Count.

35.     At the times of their respective deaths, Plaintiffs' decedents, and each of them, left surviving certain next of kin, heirs and/or successors in interests to their estates for whose benefit this action is being brought.

36.     As a result of the aforesaid conduct, the next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have

1

sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of support and services.

37.     The respective Personal Representatives for the estates of Plaintiffs' decedents, and each of them, are or will be duly appointed to represent the estates of the decedents.

38.     This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

WHEREFORE, Plaintiffs, and each of them, pray that judgment be entered in their favor and against the defendants for compensatory damages, interest, costs and such other relief as this Court deems proper.  Furthermore Plaintiffs demand trial by jury of all the issues triable as of right by jury.

**<u>Count II</u>**
**Product Liability - Survival Action**
**(against Defendants McDonnell Douglas, Boeing,**
**Leach, Esterline, Eaton, Honeywell and Ametek)**

39.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 33 as though fully set forth in this Count.

40.     Had Plaintiffs' decedents survived, each of them would have had the right to bring an action for damages arising from the physical, mental and emotional injuries sustained by them prior to their deaths, and such action has survived them.

41.     The respective Personal Representatives for the estates of Plaintiffs' decedents, and each of them, are or will be duly appointed to represent the estates of the decedents.

42.     This action is being brought pursuant to 755 ILCS 27/1 *et seq.*, commonly known as the *Illinois Survival Act* and/or other applicable laws.

WHEREFORE, Plaintiffs, and each of them, pray that judgment be entered in their favor and against the defendants for compensatory damages, interest, costs and such other relief as this Court deems proper.  Furthermore Plaintiffs demand trial by jury of all the issues triable as of right by jury.

<u>**Count III**</u>
**Negligence - Wrongful Death**
**(against Defendants McDonnell Douglas, Boeing,**
**Leach, Esterline, Eaton, Honeywell and Ametek)**

43.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 33 as though fully set forth in this Count.

44.     At the times of their respective deaths, Plaintiffs' decedents, and each of them, left surviving certain next of kin, heirs and/or successors in interests to their estates for whose benefit this action is being brought.

45.     That by reason of the premises, the said next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of goods and services.

46.     As a result of the aforesaid conduct, the next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of support and services.

47.     The respective Personal Representatives for the estates of Plaintiffs' decedents, and each of them, are or will be duly appointed to represent the estates of the decedents.

48.     This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

WHEREFORE, Plaintiffs, and each of them, pray that judgment be entered in their favor and against the defendants for compensatory damages, interest, costs and such other relief as this Court deems proper.  Furthermore Plaintiffs demand trial by jury of all the issues triable as of right by jury.

## Count IV

**Negligence - Survival Action**
**(against Defendants McDonnell Douglas, Boeing,**
**Leach, Esterline,  Eaton, Honeywell and Ametek)**

49.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 33 as though fully set forth in this Count.

50.     Had Plaintiffs' decedents survived, each of them would have had the right to bring an action for damages arising from the physical, mental and emotional injuries sustained by them prior to their deaths, and such action has survived them.

51.     The respective Personal Representatives for the estates of Plaintiffs' decedents, and each of them, are or will be duly appointed to represent the estates of the decedents.

52.     This action is being brought pursuant to 755 ILCS 27/1 *et seq.*, commonly known as the *Illinois Survival Act* and/or other applicable laws.

1

WHEREFORE, Plaintiffs, and each of them, pray that judgment be entered in their favor and against the defendants for compensatory damages, interest, costs and such other relief as this Court deems proper.  Furthermore Plaintiffs demand trial by jury of all the issues triable as of right by jury.

### Count V

**Breach of Warranty - Wrongful Death
(against Defendants McDonnell Douglas, Boeing,
Leach, Esterline,  Eaton, Honeywell and Ametek)**

53.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 33 as though fully set forth in this Count.

54.     Defendants expressly warranted that the subject aircraft was not defective in design, manufacture or assembly and further impliedly warranted that the subject aircraft was merchantable and fit for the particular purpose for which it was used.

55.     Defendants breached both its express and implied warranties of merchantability and fitness for a particular purpose in the subject aircraft was defective and unreasonably dangerous as set forth herein above.

56.     As a direct and proximate result of one or more of the aforesaid defective and unreasonable dangerous conditions of the subject aircraft, the pilots of the subject aircraft were unable to control the subject aircraft and it crashed, killing or injuring everyone on board.

57.     At the times of their respective deaths, Plaintiffs' decedents, and each of them, left surviving certain next of kin, heirs and/or successors in interests to their estates for whose benefit this action is being brought.

58.     That by reason of the premises, the said next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of goods and services.

59.     As a result of the aforesaid conduct, the next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of support and services.

60.     The respective Personal Representatives for the estates of Plaintiffs' decedents, and each of them, are or will be duly appointed to represent the estates of the decedents.

61.     This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

WHEREFORE, Plaintiffs, and each of them, pray that judgment be entered in their favor and against the defendants for compensatory damages, interest, costs and such other relief as this Court deems proper.  Furthermore Plaintiffs demand trial by jury of all the issues triable as of right by jury.

## Count VI

**Breach of Warranty – Survival Action**
**(against Defendants McDonnell Douglas, Boeing,**
**Leach, Esterline, Eaton, Honeywell and Ametek)**

62.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 33 as though fully set forth in this Count.

63.     Defendant expressly warranted that the subject aircraft was not defective in design, manufacture or assembly and further impliedly warranted that the subject aircraft was merchantable and fit for the particular purpose for which it was used.

64.     Defendants breached both its express and implied warranties of merchantability and fitness for a particular purpose in the subject aircraft was defective and unreasonably dangerous as set forth herein above.

65.     As a direct and proximate result of one or more of the aforesaid defective and unreasonable dangerous conditions of the subject aircraft, the pilots of the subject aircraft were unable to control the subject aircraft and it crashed, killing everyone on board.

66.     At the times of their respective deaths, Plaintiffs' decedents, and each of them, left surviving certain next of kin, heirs and/or successors in interests to their estates for whose benefit this action is being brought.

67.     That by reason of the premises, the said next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of goods and services.

68.     As a result of the aforesaid conduct, the next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of support and services.

69.     The respective Personal Representatives for the estates of Plaintiffs' decedents, and each of them, are or will be duly appointed to represent the estates of the decedents.

70.     This action is being brought pursuant to 755 ILCS 27/1 *et seq.*, commonly known as the *Illinois Survival Act* and/or other applicable laws.

WHEREFORE, Plaintiffs, and each of them, pray that judgment be entered in their favor and against the defendants for compensatory damages, interest, costs and such other relief as this Court deems proper.  Furthermore Plaintiffs demand trial by jury of all the issues triable as of right by jury.

Respectfully submitted,

By: /s/ Enid Duany Mendoza

Lewis S. Eidson
mike@colson.com
Enid Duany Mendoza
enid@colson.com
COLSON HICKS EIDSON
255 Aragon Avenue
Coral Gables, Florida 33134

-and –

Hugh John Totten
Patrick J. Lamb
Shannon P. Bartlett
Valorem Law Group, LLC
35 East Wacker Drive
Suite 2900
Chicago, Illinois 60601

Of counsel:
Manuel R. Ribbeck, Esq.
Monica E. Kelly, Esq.
RIBBECK LAW CHARTERED
Lake Point Tower
Chicago, Illinois 60606